[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS
Before the court is defendant John O'Neill's Motion to Dismiss. This action is brought by the plaintiff State of Connecticut acting through the Office of the Chief State's Attorney. It alleges that the defendant's business, known as "DeeDee's", constitutes a common nuisance in violation of General Statutes § 21a-259, in that it is the site of the illegal use and sale of drugs. The State seeks a permanent injunction prohibiting the continued operation of DeeDee's.
The defendant's motion to dismiss asserts that the Chief State's Attorney is not statutorily authorized to initiate an action pursuant to General Statutes § 21a-259. Because of the absence of statutory authority, the defendant argues that the plaintiff lacks standing to maintain this action, thereby depriving this court of subject matter jurisdiction over this proceeding.
The facts giving rise to the defendant's motion to dismiss are essentially undisputed. Acting on facts developed in the course of an ongoing investigation into alleged drug activity at DeeDee's, located on West Main Street in the City of New Britain, New Britain police officers executed a search and seizure warrant on DeeDee's resulting in the arrest of both its patrons and employees. In conjunction with the criminal prosecutions for illegal possession and sale of narcotics, the Office of the Chief State's Attorney initiated the present civil action, alleging in its verified complaint that DeeDee's, operating under the guise of a "juice bar" which also features "exotic dancing"[1], is in fact the site of the illegal use and sale of drugs.
The state alleges that this activity constitutes a common nuisance as defined in General Statutes § 21a-259 in that it is a "store [or] shop . . . which is frequently resorted to by drug-dependent persons for the purpose of using controlled CT Page 7815 substances or which is used for the illegal keeping or selling of the same." Based on the allegations in the State's verified complaint an ex parte temporary restraining order was issued by the Court (Scheinblum, J.), enjoining the continued operation of DeeDee's until further hearing and order by this court. The defendant now moves to dismiss this action.
 I.
The defendant's motion to dismiss, filed pursuant to Practice Book § 10-30, alleges that this court lacks subject matter jurisdiction to hear this matter because the Chief State's Attorney is not statutorily empowered to bring an action to enjoin a nuisance pursuant to General Statutes § 21a-259. The legal principles governing this claim are well established and not disputed by the parties. "Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy."Gay Lesbian Law Students Association at the University ofConnecticut School of Law v. Board of Trustees, 236 Conn. 453,466 (1996). Lack of standing deprives the court of subject matter jurisdiction, and is properly raised by a motion to dismiss. Id.
In support of its motion to dismiss the defendant argues that the Chief State's Attorney is not authorized by the terms of § 21a-259 to initiate this action and is not otherwise empowered by the general grant of legislative authority to the Division of Criminal Justice to pursue this matter. The defendant contends that because the legislature has specifically authorized the Chief State's Attorney to initiate nuisance abatement actions to enjoin prostitution and gambling, its failure to provide such explicit authority in § 21a-259 reflects a specific legislative intent to prohibit the State's Attorney from participating in an action to abate a § 21a-259 nuisance.
Resolution of the defendant's claims involves an interpretation of General Statutes § 21a-259 as well as the legislation setting forth the powers, duties and responsibilities of the Division of Criminal Justice. General Statutes § 51-276
et seq. This effort is guided by well established principles of statutory construction. "Our fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we look to CT Page 7816 the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." Edelstein v. Dep't of Public Health andAddiction Services, 240 Conn. 658, 664 (1997), quoting State v.Metz, 230 Conn. 400, 409 (1994). (Citations omitted; internal quotation marks omitted.)
 A.
Whether the Chief State's attorney is empowered to initiate an action under General Statutes § 21a-259 depends, in the first instance, on the terms of the statute itself. "In our construction of the applicable statutory language . . . we consider first whether the language of the statute yields a plain and unambiguous result." Capalbo v. Planning ZoningBoard of Appeals, 208 Conn. 480, 486 (1988). (Internal citations omitted.) Sec. 21a-259 provides that, "[a]ny store, shop, warehouse, dwelling house, building, vehicle, boat, aircraft or any place whatever, other than as authorized by law, which is frequently resorted to by drug-dependent persons for the purpose of using controlled substances or which is used for the illegal keeping or selling of the same, shall be deemed a common nuisance." The manifest purpose of this provision is to declare that certain drug related activity, as described in the statute, will be deemed, as a matter of law, to be a common or public nuisance.[2] Such legislative declaration therefore eliminates the need for a plaintiff seeking a judicial determination that certain types of drug related activity constitute a public nuisance from proving the four elements necessary to establish a common law claim of public nuisance. See, e.g., State v.Tippetts-Abbett-McCarthy-Stratton, 204 Conn. 177, requiring proof that: 1) the activity in question has a natural tendency to create danger or inflict injury; 2) the danger created by the activity is a continuing one; 3) the use of the property was unlawful; and 4) the nuisance is the proximate cause of injury to the plaintiff.
Pursuant to § 21a-259, therefore, a common nuisance shall be established upon satisfactory proof that "[a]ny store . . . is frequently resorted to by drug-dependent persons for the purpose of using controlled substances . . . or selling of the same . . ." Significantly, the statute does not specify procedures for abating the nuisance, and most importantly, for CT Page 7817 the purposes of the defendant's motion to dismiss, does not identify any person, entity or party, including the Chief State's Attorney, as being authorized to initiate an abatement action to enjoin the drug related activity denominated in the statute as a common nuisance. By its own terms § 21a-259 neither authorizes a nuisance abatement action nor confers authority on any party to initiate such an action.
 B.
The defendant further alleges that General Statutes § 51-277, which defines the powers and responsibilities of the Division of Criminal Justice, does not explicitly authorize the Division, acting through the Chief State's Attorney, to bring a civil action to enjoin a common nuisance as defined in § 21a-259. General Statutes § 51-277, entitled "Powers and duties of division" provides:
 (a) The division shall exercise all powers and duties with respect to the investigation and prosecution of criminal matters conferred upon or required of it by this chapter, or conferred upon or required of state's attorneys, assistant state's attorneys or deputy assistant state's attorneys of the Superior Court by the common and statutory law of this state.
 (b) The division shall take all steps necessary and proper to prosecute all crimes and offenses against the laws of the state and ordinances, regulations and bylaws of any town, city, borough, district or other municipal corporation or authority.
 (c) The division, through the chief State's Attorney, shall participate on behalf of the state in all appellate, post-trial and postconviction proceedings arising out of the initiation of any criminal action whether or not the proceedings are denominated civil or criminal for other purposes.
It is clear from the text of § 51-277 that the legislature, in setting forth the powers, responsibilities and authority of the Division of Criminal Justice did not specifically empower it or the Chief State's Attorney to initiate a civil action, such as the present action, to enjoin a public nuisance arising out of illegal drug activity. It is equally clear, as the defendant points out, that in other contexts the CT Page 7818 Legislature has authorized the Chief State's Attorney to proceed in civil action to interdict activity that is either explicitly denominated a nuisance, or could reasonably be said to be in the nature of a nuisance.
For example, General Statutes § 19a-345 declares that any building where lewdness, prostitution or assignation takes place is a nuisance, and § 19a-346 authorizes the State's Attorney to maintain an action in the Superior Court to enjoin such nuisance. Likewise, General Statutes § 53-278c declares that gambling devices are public nuisances and further specifies that in the context of a criminal prosecution arising out of illegal gambling devices, the court, acting on the application of the prosecuting authority, may order the destruction of such devices. Similarly, General Statutes § 54-33g declares that any property used as a means of committing a criminal offense is a nuisance and authorizes the state's attorney to bring a complaint seeking the destruction of such property. Finally, pursuant to Gen. Statutes § 54-36h, the State's Attorney is specifically empowered to initiate a drug asset forfeiture proceeding, an action in the nature of a nuisance abatement proceeding, that seeks the forfeiture of the proceeds of illegal drug transactions.
Read together, these provisions indicate that with respect to prostitution and gambling and the instrumentalities and profits of criminal behavior, the legislature has expressed a clear intent to provide express authority to the Chief State's Attorney to initiate civil actions to enjoin these nuisances or seize their fruits or instrumentalities. At the same time, the failure of the Legislature to provide express authority to the Chief State's Attorney to initiate civil abatement actions with respect to the type of drug related nuisance described in § 21a-259, could reasonably be construed, as defendant argues, as evidence that the Legislature did not intend for the Chief State's Attorney to have civil enforcement authority with respect to Sec. § 21a-259 nuisances. See, e.g., Doe v. Marselle,236 Conn. 845, 861 (1997) ("[w]here a statute, with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject . . . is significant to show that a different intention existed . . . That tenet of statutory construction is well grounded because [t]he general assembly is always presumed to know all the existing statutes and the effect that its action or non-action will have upon any one of them." (Citations and CT Page 7819 internal quotations omitted.)
While the absence of express authority in § 21a-259 to file a nuisance abatement action and the presence of such authority in other similar nuisance statutes is supportive of the defendant's claim that the legislature did not intend for the Chief State's Attorney to have authority to participate in §21a-259 actions, recently enacted legislation undermines that argument. P.A. 98-220, effective July 1, 1998, is entitled "An Act Concerning Nuisance Abatement and Quality of Life." It declares that a public nuisance exists if real property is the site of three or more arrests relating to various types of criminal conduct including prostitution, gambling, and sale of controlled substances. P.A. 98-220 § 1. It further declares that the Chief State's Attorney shall have the sole authority to "commence an action to abate a public nuisance" arising out of the activities described in § 1.
Significantly, for the purposes of this case, P.A. 98-220
§ 2(c)(4) also provides that "[n]othing in this section shall prevent the state from also proceeding against property undersection 21a-259 or 54-36h of the general statutes." (Emphasis supplied). This language, affirming the authority of the state to initiate a § 21a-259 abatement action, indicates that it is the legislature's understanding that in fact the state has previously possessed this authority, notwithstanding the absence of express language in § 21a-259 empowering the Chief State's Attorney to bring such actions. As such, P.A. 98-220 serves to clarify the intent of the legislature with respect to the Chief State's Attorney's authority to initiate a § 21a-259
abatement action. "[A] clarifying act, which in effect construes and clarifies a prior statute must be accepted as the legislative declaration of the meaning of the original act." State v. Blasko,202 Conn. 541, 557 (1987).
The conclusion that P.A. 98-220 § 1(c)(4) is to be given effect as clarifying legislation finds support in the presumption that the legislature intended to accomplish a reasonable and rational result rather than the unworkable result of enacting legislation declaring that the use of real property for the sale or use of drugs is a common nuisance, but not providing any legal mechanism to enjoin such nuisance. Because § 21a-259 fails to authorize any person or entity — not just the Chief State's Attorney — to bring an abatement action, defendant's construction, if accepted, would require the conclusion that no CT Page 7820 individual or entity has the legal authority to initiate such an action. "When two constructions are possible, courts will adopt the one which makes the [statute] workable, and not one which leads to difficult and possible bizarre results." Maciejewski v.West Hartford, 194 Conn. 139 (1984).
Based on the foregoing this court concludes that while General Statutes § 21a-259 does not explicitly authorize the Chief State's Attorney to seek to enjoin a common nuisance as described in that statute, it is the legislature's intent, as clarified byP.A. 98-220, that the Chief State's Attorney be vested with such authority.[3]
The motion to dismiss is denied.
HOLZBERG, J.